The opinion of the Court, was delivered by
Ryebsoít, J.'
The declaration in this case, is on a promissory note. The defendant has pleaded a discharge from his debts, under a law of the state of New York; the provisions whereof, and proceedings under the same, are set out. The plea also contains an allegation that the debt was contracted in New York; after *200 their statute went into operation, and that the defendant then, and ever since, has resided there. To this, the plaintiffs have replied, that at the time of contracting the debt, and the making of the said pretended discharge, the plaintiffs were, and still are, residents in New-Jersey. The defendant has demurred specially, alleging for causes of demurrer, that the replication attempts to deny the matter alleged in the plea, and also to allege new matter in avoidance thereof: and that it neither confesses nor denies the matter contained in the plea, as it should. But I do not suppose a more formal confession is necessary. Constructively, it is confessed: as whatever in one pleading, is not denied in the next subsequent one, is in law admitted. Nor does the replication deny, as is supposed, the said discharge. It is only therein called a pretended discharge. But this is no denial that such supposed discharge was had, or made, as in the plea is stated. It should only be considered as a denial of the legal efficacy, or validity thereof. Saunders Rep. by Williams — 291 a note 1. Chit. PI. vol. 2 — 460 note. On an inspection of this pleading, it will be found, beyond all question, to admit or assume as true, that such law was enacted, such proceedings had, and such discharge made, under the same, as in the plea attempted to be answered, are alleged. This is all that approved precedents require. The expression, pretended discharge, makes the doubt. But in this connection it means no more than supposed discharge. And it will be found, on consulting the authorities, that where a pleading has been held faulty, in the respect in question, the fact has been expressly denied, or some matter has been alleged, giving it a different character from that given in the pleading answered. Chit. PI. vol. 1, 511, and cases there cited.
But however this may be, the plaintiff must have judgment, because the plea itself is defective in matter of substance. By decisions of this Court, the law in question is a bankrupt law. It discharges, not only the person from imprisonment, but from the debt itself. The provisions therefore of the law under which this discharge was made, are not, by the same decisions of this Court, within the legitimate bounds of State legislation. And if not a bankrupt law, it is a law impairing the obligation of contracts,' and therefore void. Vanuxem v. Hazlehurst, South, vol. 1,192. Olden’s Ex. v. Hallet, South, 2, 466.
*201 The plea, perhaps would have deserved greater consideration, if it had alleged the plaintiffs’ residence in New York, where the contract was made • or that it was made to be executed there, or with a view to their law.
Horkbloweb, C. J. and Ford, J. concurred.

Judgment for plaintiff.